## Commonwealth v. Taylor

*James A. Cochrane,* for petitioner.

*William B. McClenachan, Jr.,* district attorney, and *Karl W. Johnson,* assistant district attorney, for Commonwealth.

MacDade, J., April 25, 1941.—This is a petition in behalf of defendant, Charles M. Taylor, and Lewis M. Hunt, surety, to remit forfeiture of the bond given by Lewis M. Hunt to insure the appearance of Charles M. Taylor at

the December term of the court of quarter sessions. To this petition an answer has been filed by the Commonwealth suggesting that the prayer of the petition be denied.

It would appear that petitioner, Lewis M. Hunt, entered into a recognizance, together with Charles M. Taylor, defendant aforesaid, conditioned for the appearance of the said Charles M. Taylor at the December term of Quarter Sessions Court of Delaware County, Pa.

It is alleged in the petition to remit forfeiture that the said Charles M. Taylor, prior to Christmas, went to Palm Beach, Fla., where he became ill and was unable to return to this county until approximately March 15, 1941. However, the case was listed for Thursday, March 27, 1941, at which time Charles M. Taylor was found guilty and sentenced by the Honorable Charles M. Culver, specially presiding, to a term of two years in the county prison.

Since defendant has appeared before this court and has been sentenced, notwithstanding the forfeiture of recognizance aforesaid, because he had failed to appear in accordance with the conditions of the said bond, the conditions have been fulfilled to the extent that defendant has now appeared.

Petitioner asks the court to grant a rule upon Albert J. Williams, county solicitor, and to William B. McClenachan, Jr., district attorney, to show cause why the said forfeiture should not be remitted upon the payment of costs. A hearing was had on said petition on April 18, 1941.

From the testimony thus adduced we learned that it is true that defendant is now languishing in the county jail by reason of sentence imposed upon him by the court. The fine and costs imposed upon him have not been paid as well as the expenses of the extradition proceedings which involved a considerable sum of money, in which proceedings the Commonwealth was obliged to arrest defendant in Florida and bring him to this jurisdiction for the purpose of trial.

It also appears that defendant claimed that he was ill in Florida yet produced no evidence nor corroborating testimony of the fact. Indeed the Commonwealth is represented as not believing petitioner's averment of fact in his petition that his illness prevented his return in time for trial. The Commonwealth's officer avers in his answer that he believes the principal reason for the sentence is based upon the fact that the trial judge did not believe that defendant testified to the truth when he took the witness stand.

We do not believe that the obligations of the bond filed for his appearance during the December term of court, and for which a forfeiture thereof was requested and entered of record, have been fulfilled. On the contrary, the answer states that defendant was a fugitive from justice at the term of court for which the surety was filed. In any event, this court is not inclined to consider the petition for the remission of forfeiture of the bond unless the County of Delaware and the Commonwealth of Pennsylvania should be fully indemnified for all costs and expenses sustained in the matter.